(82 Misc. Rep. 193.)

### In re EVANS.

(Supreme Court, Special Term, New York County.   September, 1913.)

GUARDIAN AND WARD (§ 77*)—SALE OF REAL PROPERTY—DISCRETION.

Under Real Property Law (Consol. Laws 1909, c. 50) § 116, vesting the court with éntire discretion in the matter, an application by a guardian of infants as tenants in common of certain realty for leave to convey the infants' interest in conjunction with all other owners to a corporation formed to hold the property and to issue stock to the guardian for the infants, will be denied, where the property could be tied up indefinitely the value of the stock would be uncertain, and the guardian would be a minority stockholder.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 327–329; Dec. Dig. § 77.*]

Application by Samuel M. Evans, as general guardian of Ellen J. Evans and others, for leave to sell real property.   Application denied.

Dixon & Holmes, of New York City, for Samuel M. Evans, petitioner.

Daly, Hoyt & Mason, of New York City, for Laura Carter et al.

Edward G. Pringle, of New York City, for Frederick W. H. Crane and Phineas P. Chew, executors.

Standish Chard, of New York City, special guardian, in person.

WHITAKER, J.   This is an application to the court by the guardian of infants as tenants in common in certain real property for leave to convey the infants' interest, in conjunction with all other owners, to a corporation incorporated for the purpose of holding the property, and to issue shares of stock of such corporation to the guardian for and on behalf of the infants.

Section 116 of the Real Property Law (Consol. Laws 1909, c. 50) vests the court with entire discretion in the matter.   The court, therefore, must use its best judgment.   It is my best judgment that the prayer of the petitioner should be denied for the following reasons: The nature of the infants' property would be changed from an available and enforceable to an unavailable and unenforceable unconvertible asset.   The guardian would be a minority stockholder in a corporation in which he might have no influence or control otherwise than the power to vote upon the stock.   The value of the stock would be always uncertain and could not be definitely ascertained for the purposes of conversion into money.   It would be practically unsalable, and to fully protect the guardian, in case he desired to sell his stock, it would probably be necessary to apply to the court to ascertain its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

value, inasmuch as in all essentials the corporate stock would be an interest in real estate the value of which would be always open to question, and the value of the stock would depend upon the value of the real estate held by the corporation. As a minority stockholder the guardian would be at the mercy of the majority. His own business judgment in reference to his wards' property could not be freely exercised. His hands would be tied. In fact, matters might shape themselves in such a manner that the guardian would find himself in possession of an unavailable, unmarketable, and unenforceable asset, decreasing in value, with no power in the guardian to help himself. The value of the stock would depend very largely upon the integrity, the good judgment, and business capacity of the management of the property, in which the guardian, as a minority stockholder, might be deprived of all say. The infants on arriving at age would find their property completely tied up in unavailable securities. This should not, in my judgment, be permitted. Upon arriving at age they are entitled to either the money or securities that are readily convertible into money.

I have no doubt that while in the hands of the present owners, with the relations existing as at present, the infants' interest might be best served for the time being by granting the petition; still, no one can tell how long the present relations may continue.

Should the petition be granted the property of the infants will be tied up indefinitely without the free and untrammeled right of the guardian to realize upon it. The court being vested with discretion, and the consummation of the proposed arrangement resting, as it does, upon the court's approval, I do not feel that I can give such approval without running counter to my best judgment. While I have no doubt that all the parties to the present proceeding are acting in accordance with their honest judgment, nevertheless, it is the honest judgment of the court that must prevail. The application to confirm the referee's report is denied, and the exceptions of the special guardian are sustained.

Application denied.